SULLIVAN, Justice,
dissenting.
I respectfully dissent from the Court's conclusion that the trial court improperly granted summary judgment to Magwerks on the question of whether Magwerks's building's roof had suffered a "collapse." In my view, the evidence designated by Magwerks in support of its motion for *979 summary judgment was sufficient to establish that there had been "collapse" as a matter of law and Monroe Guaranty's response did not establish a genuine issue of material fact with respect thereto.
The roof and ceiling in question consisted of approximately four foot-by-cight foot sections. Photographs in the record, the deposition testimony of Magwerks's president, Patrick Jenkins, the deposition testimony of Monroe Guaranty's adjuster, Paul A. Kelter, and the written report of an engineering firm, McComas Engineering, Inc., engaged by Monroe Guaranty to inspect Magwerks's building all indicate that at least two of the sections dropped all the way down to the ground from the ceiling. (App. at 148-154, 157-158, 85, and 88.) The McComas report actually says that "two sections of the roof were collapsed." (App. at 88.) Kelter also used the word "collapse" in a Monroe Guaranty "Confidential Risk Report" (App. at 108; "collapsed interior ceiling panels"), but later testified in his deposition that this "was a poor, improper use of the word it appears" (App. at 34). Reviewing this evidence in the light most favorable to Monroe Guaranty, the material fact of the roof's condition simply was not in dispute and the legal question for the trial court was whether this condition constituted a collapse. A collapse, according to the Court, is "a substantial impairment of the structural integrity of the building or any part of the building." I see no genuine issue of material fact but that there was a substantial impairment of the structural integrity of part of Magwerks's building. I believe summary judgment was properly entered in Magwerks's favor on that issue.
I would affirm the judgment of the trial court.